UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JUL 2 7 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS | § | CIVIL ACTION NO. B-01-074 |
| | § | |
| MANUEL BARRIENTEZ | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

MANUEL BARRIENTEZ, (Defendant), entered into student loan agreements with the United States (Plaintiff). Defendant failed to repay the loans, and the Plaintiff filed suit to collect the money owed it. Plaintiff now requests a default judgment against Defendant.

### STANDARD

When a party against whom a judgment for affirmative relief is sought has failed to plead or to otherwise defend, and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default. FED.R.CIV.P. 55(a). The court may enter a default judgment, and the party entitled to such judgment shall apply to the court therefor. FED.R.CIV.P. 55(b)(2). To succeed in action against a borrower on a defaulted student loan, the government must show: (1) the borrower is the person who issued note; (2) the government owns the note; and (3) the note is unpaid. *United States v. Durbin*, 64 F.Supp.2d 635, 636 (S.D. Tex. 1999). In addition to the unpaid amount, the lender may collect attorney's fees under state and federal law. *Id.* Federal law also allows reasonable administrative and collection costs. *Id.*

## ANALYSIS

Plaintiff submitted certificates of indebtedness establishing that Defendant issued promissory notes to Plaintiff, Plaintiff owns the notes, and that as of February 25, 1999, the notes are unpaid. *Compl.*, Exhibit A. Defendant was given proper service, and has no filed an answer. *Summons in a Civil Case*, May 9, 2001. Plaintiff filed an entry of default with the clerk of this court. *Entry of Default*, July 12, 2001. As such, Plaintiff is entitled to collect the money owed it. Plaintiff filed an affidavit in support of the amount of attorney's fees they claim. *Aff. Of J. Michael Weston in Supp. Of Att'y's Fees* at 1-2. Thus, Plaintiff's entitled to collect attorney's fees. Therefore, default judgment should be entered in favor of Plaintiff in the following amounts:

**Debt 1:**

| | | |
|---|---|---|
| 1. | Principal Balance as of February 12, 1999 | $ 2,832.69 |
| 2. | Interest as of February 12, 1999 | $ 1,936.11 |
| 3. | Administrative Fees, Costs, Penalties | $ 0.00 |
| 4. | Attorney's Fees | $ 500.00 |
| 5. | Pre-Judgment Interest Rate Per annum | 8.00% |
| 6. | Daily Accrual: | $ 0.62 |
| 7. | TOTAL Balance Due (including attorney's fees) | $ 5,268.80 |
| 8. | Post Judgment Interest equals _____ % per annum | |

ClibPDF - www.fastio.com

**Debt 2:**

| | | | |
|---|---|---|---:|
| 1. | Principal Balance of February 12, 1999 | $ | 802.11 |
| 2. | Interest of February 12, 1999 | $ | 756.86 |
| 3. | Administrative Fees, Costs, Penalties | $ | 0.00 |
| 4. | Attorney's Fees | $ | 500.00 |
| 5. | Pre-Judgment Interest Rate Per Annum | | 9.13% |
| 6. | Daily Accrual | $ | 0.20 |
| 7. | TOTAL Balance Due (including attorney's fees) | $ | 2,058.97 |
| 8. | Post Judgment Interest equals _____ % per annum | | |

### RECOMMENDATION

For reasons set forth above, Plaintiff's Motion for Default Judgment should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 27th day of July 2001.

_____
Felix Recio
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| VS | § | CIVIL ACTION NO. B-01-074 |
| | § | |
| MANUEL BARRIENTEZ | | |

## O R D E R

Before the court is the Magistrate Judge's Report and Recommendation in the above-referenced cause of action. After a de novo review of the file,

A. The Magistrate Judge's Report and Recommendation s hereby ADOPTED;

B. Plaintiff's Motion for Default Judgment (Pleading No. 6) is hereby GRANTED; and

C. Judgment is hereby ENTERED in favor of Plaintiff in the following amounts:

**Debt 1:**

| | | |
|---|---|---|
| 1. | Principal Balance as of February 12, 1999 | $ 2,832.69 |
| 2. | Interest as of February 12, 1999 | $ 1,936.11 |
| 3. | Administrative Fees, Costs, Penalties | $ 0.00 |
| 4. | Attorney's Fees | $ 500.00 |
| 5. | Pre-Judgment Interest Rate Per Annum | 8.00% |
| 6. | Daily Accrual | $ 0.62 |
| 7. | TOTAL Balance Due (including attorney's fees) | $ 5,268.80 |
| 8. | Post Judgment Interest equals _____ % per annum | |

4

**Debt 2:**

| | | | |
|---|---|---|---:|
| 1. | Principal Balance of February 12, 1999 | $ | 802.11 |
| 2. | Interest of February 12, 1999 | $ | 756.86 |
| 3. | Administrative Fees, Costs, Penalties | $ | 0.00 |
| 4. | Attorney's Fees | $ | 500.00 |
| 5. | Pre-Judgment Interest Rate Per Annum | | 9.13% |
| 6. | Daily Accrual | $ | 0.20 |
| 7. | TOTAL Balance Due (including attorney's fees) | $ | 2,058.97 |
| 8. | Post Judgment Interest equals _____ % per annum | | |

DONE in Brownsville, Texas, this _____ of _____ 2001.

_____
Hilda G. Tagle
United States Magistrate Judge

5